# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff, : Case No. 1:10-cr-053
                                                       Also 1:12-cv-103

                                                      Chief Judge Susan J. Dlott
    -vs-                                        Magistrate Judge Michael R. Merz
                                         :

TORIANO HEMPHILL,

      Defendant.

## REPORT AND RECOMMENDATIONS

Defendant Toriano Hemphill has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 57). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

## Procedural History

Defendant Hemphill was indicted by the Butler County Grand Jury on April 21, 2010, on one count of possessing a firearm and ammunition which had been shipped or transported in interstate commerce after having been convicted of a felony (Doc. No. 14). On September 13, 2010, Defendant appeared with counsel, waived his right to trial, and changed his plea to guilty on the one

1

count charged (Minute Entry, Doc. No. 42). On March 4, 2011, after receiving a presentence investigation report, Chief Judge Dlott sentenced Defendant to forty-eight months imprisonment, followed by a three-year term of supervised release (Doc. No. 51). Defendant took no appeal, but filed this § 2255 Motion within the one-year statute of limitations for such motions adopted in the AEDPA.

Defendant pleads the following grounds for relief:

> **Ground One:** Ineffective assistance of counsel/Counsel failed to challenge stipulation of jurisdictional element.
>
> **Supporting Facts:** The stipulation of jurisdictional element as to affecting interstate commerce.
>
> **Ground Two:** Ineffective assistance of counsel/Petitioner was denied effective assist. of defense counsel: failed to investigate charges.
>
> **Supporting Facts**: Counsel's performance failed to meet standards required by Sixth Amendment Right, failed to adequtely [sic] investigate charges against Petitioner.
>
> **Ground Three:** Ineffective assistance of counsel/Counsel's failure to motion the Court as to defective Indictment.
>
> **Supporting Facts:** The statute here is in question under 18 U.S.C. section 922(g)(1).
>
> **Ground Four:** Ineffective assistance of counsel/counsel failed at to [sic] Rule 29 motion.
>
> **Supporting Facts:** The record does not show that counsel made any legal argument via Rule 29.

(Motion, Doc. No. 57, PageID 236-240). Defendant has also attached a Memorandum of Law in Support ("Memorandum"), PageID 246-260.

**Analysis**

Defendant correctly recognizes (Memorandum, PageID 247-248) that the basic standard for evaluating all of his claims of ineffective assistance of trial counsel is found in is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that,

> but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011). *See generally* Annotation, 26 ALR Fed 218.

### Ground One

The Indictment charges one count of violating 18 U.S.C. § 922(g)(1). Defendant asserts that the elements of that offense are (1) firearm possession; (2) that was in an affecting interstate commerce; (3) the firearm had been shipped or transported into the state of Hamilton Ohio [sic] at some time (Memorandum, PageID 250). Defendant argues that "the stipulation agreed that the firearm had not been manufactured in the State of Ohio; but that does not agree that the firearm possession was in and affecting interstate commerce as indicted." *Id.*

The statute in question makes it an offense for a convicted felon

> to ship or transport in interstate or foreign commerce, **or** possess in or affecting interstate commerce, any firearm or ammunition; **or** to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce (emphasis supplied).

Defendant is simply incorrect in alleging that he was charged under the second alternative requiring proof that the possessed firearm was in or affecting interstate commerce. In fact, the Indictment clearly charges him under the third alternative with knowing possession of a firearm which had been shipped or transported in interstate commerce (Indictment, Doc. No. 14, PageID 36). As Defendant admits, the agreed Statement of Facts in support of conviction includes an admission that the firearm

4

in question was "manufactured outside the State of Ohio and had both been shipped or transported in interstate commerce to be in the possession of the defendant on February 4, 2010 in Hamilton, Ohio." (Statement of Facts, Doc. No. 43, PageID 193.) The Government needed no more proof of this element than Defendant's admission of the truth of the Statement of Facts pursuant to his guilty plea.

Therefore Defendant's First Ground for Relief is without merit and should be dismissed.

**Ground Two**

In his Second Ground for Relief, Defendant alleges his attorney failed adequately to investigate the charges against Defendant. In his Memorandum, Defendant makes clear he is not challenging counsel's factual investigation, but his failure "to apply the clear legal principles relevant to 18 U.S.C. section 922(g)(1), the federal commerce clause, and Supreme Court case law thereto" (PageID 257). Defendant argues that he has been convicted "where the evidence fails to establish federal jurisdiction, a federal crime under the Commerce Clause."

The Supreme Court has recently reaffirmed the long-standing principle that Congress has the power to regulate even intrastate activity, even purely local activities, that are part of an economic "class of activities" that have a substantial effect on interstate commerce and if Congress rationally believes that leaving it unregulated would undermine Congress's ability to regulate the larger interstate activity. *Gonzales v. Raich*, 545 U.S. 1, 17 (2005)(as to intrastate drug activity), *citing Perez v. United States,* 402 U.S. 146, 151 (1971), and *Wickard v. Filburn*, 317 U.S. 111, 128-29 (1942)(local growing of wheat on one's own land for personal or family consumption). An example would be intrastate production of child pornography. *United States v. Bowers*, 594 F.3d 522 (6th Cir. 2010); *United States v. Chambers*, 441 F.3d 438, 454 (6th Cir. 2006).

There are numerous circuit court decisions upholding the constitutionality of various provisions of 18 U.S.C. § 922(g)(1) on the basis of a rational conclusion of a nexus with interstate commerce. For example, in *United States v. Lewis,* 100 F.3d 49 (7th Cir. 1996), the court held that a stipulation that a handgun found in defendant's possession had been manufactured outside the state was sufficient to establish that the gun had moved in interstate commerce and this was sufficient to demonstrate the nexus to interstate commerce required to support the constitutionality of the conviction of Lewis as a felon in possession, even though the gun may have moved in interstate commerce decades before and Lewis' possession of it might not have had much impact on interstate commerce.

Based on the wide support for the constitutionality of § 922(g)(1), it is unlikely that Defendant would have prevailed on a claim it was unconstitutional. It was therefore not ineffective assistance of trial counsel to fail to make that argument.

Ground Two should therefore be dismissed.

**Ground Three**

In Ground Three Defendant alleges his attorney provided ineffective assistance of trial counsel by failing to move to dismiss the defective Indictment.

Defendant's argument is again based on a misreading the Indictment: it does not charge that his possession was "in or affecting" interstate commerce, but only that the firearm had been "shipped or transported" in interstate commerce.

Defendant relies on *Turner v. United States*, 396 U.S. 398 (1970), where the defendant was charged with possession of both heroin and cocaine for distribution. The Supreme Court reiterated the general rule that when a jury returns a guilty verdict on an indictment charging several acts in

the conjunctive, the verdict stands if the evidence is sufficient with respect to any one of the acts charged. *Id.* at 420, *citing Crain v. United States,* 162 U.S. 625, 634-636 (1896); *Smith v. United States,* 234 F.2d 385, 389-390 (5th Cir. 1956); *Price v. United States*, 150 F.2d 283 (5th Cir. 1945), *cert. denied,* 326 U.S. 789 (1946); *Claassen v. United States*, 142 U.S. 140 (1891); and *The Confiscation Cases*, 20 Wall. 92, 104 (1874). This general rule is inapposite in this case where Defendant was not charged in the conjunctive.

The balance of Defendant's argument asks how simple possession could be "in and affecting" commerce (Memorandum, PageID 254-255). He relies on *United States v. Bass*, 404 U.S. 336 (1971). There the SupremeCourt held that Congress had not in the Omnibus Crime Control and Safe Streets Act of 1968 plainly and unambiguously made it a crime for a convicted felon simply to possess a firearm which had moved in interstate commerce. Given that conclusion, it followed the statutory construction rule of lenity and found the statute did not prohibit that conduct. However, the Supreme Court was not interpreting the current § 922(g)(1) which does unambiguously prohibit simple possession by a convicted felon if the firearm has moved in interstate commerce.

*Scarborough v. United States*, 431 U.S. 563 (1977), also relied on by Defendant, is of no assistance to him. There the Court upheld a conviction based on mere proof that the firearms in question had moved in interstate commerce at some time, the question whether that had before or after the defendant was convicted of a felony being irrelevant.

Defendant also cites John Chipman Gray' Nature and Sources of the Law on legal fictions (2nd ed. 1921 at 32-34). The Magistrate Judge was delighted to check this reference as he believes it is the first time this source has been cited to him in almost thirty-five years on the bench.[1]

---

[1] The Magistrate Judge's heavily-annotated copy of Gray indicates it was purchased in 1965 during his sophomore year in college.

7

However, Gray is of no use to Defendant because there is no legal fiction involved here: the firearm in question actually moved in interstate commerce.

*United States v. Morrison*, 529 U.S. 598 (2000), is also unhelpful. There the Court struck down as beyond the Commerce Clause power a civil remedy for gender-motivate crimes of violence, holding such crimes were not economic activity. That does not imply that the manufacture of firearms for interstate sale is not economic activity. Similarly, in *Jones v. United States,* 529 U.S. 848 (2000), the Court avoided the constitutional question by reading the federal criminal prohibition on arson to apply only to properties presently used in commerce and not owner-occupied residences.

Because the Indictment was not constitutionally defective, Defendant's Ground Three is without merit and should be dismissed.

## Ground Four

In his Fourth Ground for Relief, Defendant asserts he received ineffective assistance of trial counsel because his attorney did not make a motion for judgment of acquittal under Fed. R. Crim. P. 29.

Defendant is correct that the record shows his attorney made no such motion. However, Rule 29 is in the first instance a trial motion; it begins "After the government closes its evidence or after the close of all the evidence. . ." Because there was a guilty plea and no trial, there was no occasion to file a Rule 29 motion and it was therefore not ineffective assistance of trial counsel to fail to file one.

## Conclusion

Defendant's four grounds for relief are without merit and his § 2255 Motion should therefore be dismissed with prejudice and without requiring a response from the United States. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that an appeal would be objectively frivolous.

February 10, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).